IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

```
GERALD D. RILEY and wife,      )
TERESA M. RILEY,               )
                               )
        Plaintiffs,            )
                               )
VS.                            )    No. 05-1084-T/An
                               )
MERCK & CO., INC., ET AL.,     )
                               )
        Defendants.            )
```

## ORDER GRANTING MOTION TO STAY

Plaintiffs Gerald D. Riley and Teresa M. Riley filed this action in the Circuit Court of Madison County, Tennessee, on February 18, 2005, against Merck and Company, Inc., maker of the prescription drug known as Vioxx. Plaintiffs also named as defendants certain local Merck sales representatives and pharmacists. Merck removed the action to this Court on March 21, 2005, on the basis of diversity of citizenship, contending that the non-diverse defendants were fraudulently joined in an attempt to defeat diversity jurisdiction.

On March 29, 2005, Merck filed a motion to stay all further proceedings pending a decision by the Judicial Panel on Multidistrict Litigation ("MDL Panel") on whether this case should be transferred to the United States District Court for the Eastern District of Louisiana as a "tag-along" action in MDL Proceeding No. 1657, In re Vioxx Product

This document entered on the docket sheet In compliance with Rule 58 and/or 79 (a) FRCP on 5/5/05

Liability Litigation. Plaintiffs filed a motion to remand the action to state court on April 20, 2005.

The MDL Panel issued the first Transfer Order establishing MDL-1657 on February 16, 2005. In that order, the Panel stated:

> The pendency of a motion to remand to state court is not a sufficient basis to avoid inclusion in Section 1407 proceedings. We note that motions to remand in two actions, one action each in the District of Kansas and the Eastern District of Missouri, as well as in any other MDL-1657 actions can be presented to and decided by the transferee judge. *See, e.g., In re Ivy*, 901 F.2d 7 (2d Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001).

Transfer Order, at 2 (J.P.M.L. Feb. 16, 2005).

Notwithstanding the MDL Panel's statement regarding pending motions to remand, plaintiffs assert that the Court should deny the motion to stay and promptly consider the motion to remand. Plaintiffs contend that this Court is better suited to rule on the motion to remand because it is more familiar with Tennessee and Sixth Circuit law than the Louisiana transferee court. Plaintiffs also contend that if the motion to remand is deferred, the case will "languish" in the MDL proceeding with hundreds of other cases.

The pendency of transfer to the MDL proceeding does not limit the authority of this Court to rule on the plaintiffs' motion to remand. See JPML R. 1.5. The decision whether to grant a stay is within the inherent power of the Court and is discretionary. See Landis v. North Am. Co., 299 U.S. 248, 254-55 (1936). Although some courts have opted to rule on pending motions to remand prior to the MDL Panel's decision on transfer, see, e.g., Kantner

2

v. Merck & Co., Inc., No. 1:04CV2044-JDT-TAB, 2005 WL 277688 (S.D. Ind. Jan. 26, 2005), there are many more that have chosen to grant a stay, even if a motion to remand has been filed. E.g., Anderson v. Merck & Co., Inc., No. 4:05-cv-89 (E.D. Mo. Mar. 16, 2005); McCrerey v. Merck & Co., Inc., No. 04-cv-2576 (S.D. Cal. Mar. 2, 2005); Dixon v. Merck & Co., Inc., No. 05-0121 (S.D. Tex. Feb. 23, 2005).

There are several other Vioxx cases already pending in this district, and hundreds more in other districts. In many of those cases, the joinder of non-diverse defendants is contested and motions to remand have been or will be filed. Thus, the jurisdictional issues raised in this case are similar to those raised in other cases that have been or will be transferred to the MDL proceeding.

The Court finds that having the jurisdictional issues decided in one proceeding will promote judicial economy and conserve judicial resources. In addition, the Court finds that any prejudice to the plaintiffs resulting from a stay would be minimal. However, in the absence of a stay, the risk to Merck of duplicative motions and discovery is significant.

For the foregoing reasons, Merck's motion to stay pending the MDL Panel's transfer decision is GRANTED. The motion to remand is deferred to the transferee court.

IT IS SO ORDERED.

_____
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

DATE 2 May 2005

3

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 19 in case 1:05-CV-01084 was distributed by fax, mail, or direct printing on May 5, 2005 to the parties listed.

---

Joseph R. Alexander
MITHOFF LAW FIRM
One Allen Center Penthouse
500 Dallas
Houston, TX 77002

Joseph R. Alexander
MITHOFF LAW FORM
One Allen Center Penthouse
500 Dallas
Houston, TX 77002

Thomas M. Donnell
STEWART ESTES & DONNELL
424 Church St.
Ste. 1401
Nashville, TN 37219--239

T. Robert Hill
HILL BOREN
1269 N. Highland Ave.
Jackson, TN 38303--053

Lela M. Hollabaugh
WALLER LANSDEN DORTCH & DAVIS
511 Union St.
Ste. 2700
Nashville, TN 37219--896

James L. Wright
JACKS LAW FIRM
111 Congress Avenue
Suite 1010
Austin, TX 78701

Steven G. Ohrvall
HILL BOREN- Jackson
1269 N. Highland Ave.
P.O. Box 3539
Jackson, TN 38303--353

James M. Doran
WALLER LANSDEN DORTCH & DAVIS
511 Union St.
Ste. 2700
Nashville, TN 37219--896

Honorable James Todd
US DISTRICT COURT